# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERNEST EDGAR BLACK and, ) | |
| AMY ELIZABETH BLACK, ) | |
| a/k/a AMY MERRITT ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiffs, ) | _____ |
| ) | |
| v. ) | |
| ) | |
| SHERIFF JEFF WIGINGTON, ) | |
| ROBERT WILSON, DAVID KAIN, ) | |
| ANDY STAMATELLOS, BERNICE ) | |
| LOUISE JONES, TOM EATON and, ) | |
| DENNIS PASS ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COME NOW, Plaintiffs and respectfully show as follows:

1.

This is an action for violation of Fourteenth Amendment rights, including the right to medical treatment and the Fourth and Fourteenth Amendments to be free of unlawful seizure under 42 U.S.C. § 1983. Plaintiff also brings claims under Article I, Section I. Paragraph XIII of the Georgia Constitution, The Americans with Disabilities Act and for the state torts

1

2.

This Court has jurisdiction under 28 U.S.C. 1331 and 1343, 42 U.S.C. 1201, et. seq., and 28 U.S.C. 1367.

3.

The actions of each Defendant were taken under color of state law.

4.

Each Defendant is subject to the jurisdiction of this Court.

COUNT ONE

5.

Paragraphs 1-4 are realleged as though fully set out. Defendant Wigington is not sued in his official capacity under this court. Defendants Bernice Louise Jones, Dennis Pass and Tom Eaton are not sued under this count.

6.

Prior to August 2010 Rockdale County Sheriff officers had been to Plaintiffs address at 1651 River Circle in Conyers. They were there to serve an arrest warrant for William Wilson. Mr. Wilson did not live there.

7.

Prior to August 10, 2010 Chris Baker went to this address to execute the arrest warrant. He met with Plaintiff Black in the driveway. Plaintiff Black told

Mr. Baker that Mr. Wilson did not live at the address and he gave Mr. Baker vehicle information for Mr. Wilson.

8.

Chris Baker made no notation of any sort to provide notice of what he had learned, because it was not the Sheriff's policy to do so.

9.

On August 14, 2010 Defendants Kain and Stamatellos attempted to execute an arrest warrant for William Wilson at the same address.

10.

Neither Defendant knew of Mr. Baker's previous attempt or was aware that Plaintiffs lived at the address and they had no information other than the arrest warrant and no knowledge that Mr. Wilson lived at that address.

11.

Defendant Wigington in his individual capacity consciously failed to establish procedures whereby officers serving arrest warrants:

    (a)    had available the records of prior attempts to serve warrants;

    (b)    were required to provide adequate documentation of prior attempts to serve warrants;

    (c)    were required to check for prior attempts to serve warrants.

12.

These failures to establish policy were the proximate result of the unconstitutional arrest and seizure of Plaintiffs.

13.

Defendants Kain and Stamatellos made no reasonable investigation before causing the warrants to be executed. They did not check as to whether officers had previously been to Plaintiffs home, and made no other investigation of tax information or utility records.

14.

On August 14, 2010 Defendants Kain and Stamatellos knocked on the door of the trailer belonging to Plaintiffs and announced their presence. No one responded.

15.

These two Defendants walked around the outside of the trailer, Defendant Kain noticed a second door. There was no glass in the door window and the screen was cut at the side and bottom.

16.

Defendant Kain saw no one inside the trailer and did not hear any noise. There was no vehicle near the trailer.

17.

The door to the trailer was unlocked, so Defendants Kain and Stamatellos decided to let themselves in. Thereafter, they fabricated reasons for doing so.

18.

The two officers had no reasonable belief that Mr. Wilson was within the trailer inasmuch as they did not see or hear any activity to indicate that anyone was inside and they did not see a vehicle parked near the dwelling.

19.

These two Defendants recognized that the entire trailer was in very poor repair.

20.

They did not hear any noise or activity that led them to believe someone was in the dwelling.

21.

Thereafter, Defendants Kain and Stamatellos arrested Plaintiffs without a warrant. Plaintiffs were not released for their imprisonment until September 27, 2010.

22.

On August 18, 2010 Defendant Robert Wilson took out arrest warrants against both Plaintiffs.

23.

In applying for the warrants, Defendant Wilson consciously omitted telling the Court that all of his information was based on a warrantless search of Plaintiffs premises in violation of the Fourth and Fourteenth Amendments without probable cause or exigent circumstances.

24.

As a proximate result of each Defendant's actions outlined herein, Plaintiffs were illegally arrested without probable cause based on a warrant affidavit that omitted material facts.

25.

The charges against Plaintiffs were not dismissed until December, 2011. Plaintiffs had not been arraigned until May 5, 2011. An accusation had not been filed until April, 2011. Plaintiffs were not bound over until after September 27, 2010 when they waived a preliminary probable cause hearing.

26.

Plaintiffs were damaged in the amount of at least $16,000 plus damages for emotional distress and/or pain and suffering in the amount of $500,000 for each of them for the illegal seizure.

27.

Plaintiffs are entitled to punitive damages from Defendants Kain, Stamatellos, and Wilson in the amount of $250,000 each to deter them from repeating their reckless conduct. Such conduct was taken in callous indifference to Plaintiffs constitutional rights. Defendants acted offensively.

28.

Plaintiffs are entitled to attorney fees under 42 U.S.C. § 1988.

## COUNT TWO

29.

Paragraphs 1-10, 13-28 are realleged as though fully set out. However, only Defendants Wilson, Kain and Stamatellos are sued in this count.

30.

The actions of each Defendant as set out above contributed to the malicious prosecution of Plaintiffs.

31.

Plaintiffs were prosecuted for violations of O.C.G.A §§ 16-13-30, 16-11-131, 16-13-32.2, and § 16-8-2 because of the criminal warrants taken out by Defendant Wilson.

32.

The criminal proceedings terminated in Plaintiffs favor within 2 years of the filing of the case.

33.

The prosecution was so devoid of probable cause that malice can be inferred. Moreover, in particular Defendants Kain and Stamatellos acted out of malice and personal spite towards Plaintiffs in order to help Mr. Black's brother in a pending civil case.

34.

Each of the Defendants herein acted in concert.

## COUNT THREE

35.

Paragraphs 1-10 and 13-28 are realleged herein. Only Defendants Kain and Stamatellos are sued in this count.

36.

Defendants falsely imprisoned Plaintiffs in that the warrantless arrest of each Plaintiff was unlawful.

37.

Defendants acted with intent to injure Plaintiffs.

38.

As a proximate result of Defendants' actions Plaintiffs were imprisoned until September 27, 2010.

39.

Plaintiffs suffered damages in the amount alleged in paragraph 26.

40.

Plaintiffs are entitled to punitive damages in the amount of $250,000 so as to deter Defendants from their wrongful conduct.

41.

Plaintiffs are entitled to reasonable attorney fees because of Defendants' tortious conduct.

COUNT FOUR

42.

Paragraphs 2, 3, 4, 9, 14-20 are realleged as though fully set out. Only Defendants Kain and Stamatellos are sued herein.

43.

In entering Plaintiffs' home without a warrant directed at Plaintiff, these Defendants acted with the intent to do Plaintiffs harm.

44.

Plaintiffs were damaged in the amount of $103,000 each for the illegal search under Art. 1, Sec. 1, Para. XIII.

45.

Plaintiffs are entitled to punitive damages of $100,000 to deter these Defendants from repeating their intentional wrongful conduct.

46.

Plaintiffs are entitled to reasonable attorney fees because of Defendants' intentional torts.

## COUNT FIVE

47.

Paragraphs 42-46 are realleged as though fully set out.

48.

The acts of these Defendants unlawfully interfered with Plaintiffs' enjoyment of their property and constituted a trespass.

## COUNT SIX

49.

Paragraphs 1, 2, and 4 are realleged as though fully set out. The only Defendant sued in this count is Defendant Wigington in his official capacity.

50.

After being arrested Plaintiff Ernest Black was lined up on a floor that was covered with water and slipped because of standing sewage and injured his left leg knee and his left ulnar.

51.

Defendant Wigington in his official capacity is a public entity.

52.

The injury set out above made Plaintiff a qualified individual with a disability.

53.

Plaintiff was denied the benefit of services for which Defendant Wigington was responsible that he was made to sleep in a booking cell on a hard plastic boat on the floor for 41 days continuously. He never got to go outside. Defendant never dimmed the lights in the booking area ad the doors were always slamming. Plaintiff did not enjoy any of the privileges of other incarcerated inmates, such as TV and the commisory.

54.

Alternatively, because of his injury set out above, Plaintiff was otherwise discriminated against by Defendant Wigington by not giving him a bed or other privileges.

55.

Plaintiff was discriminated because of his disability when Defendant refused to accommodate Plaintiff.

56.

The actions set out above demonstrate that Defendants acted with deliberate indifference to Plaintiff's needs.

57.

Plaintiff is entitled to compensatory damages each of $44,000.

58.

Plaintiff is entitled to reasonable attorney fees.

COUNT SEVEN

59.

Paragraphs 1, 2, 3, 4, 50, and 53 are realleged as fully set out. Defendants Wigington in his individual capacity, Defendant Jones a lieutenant in charge of the jail day shift and Tom Eaton in charge of the jail.

60.

Prescriptions that Plaintiff Ernest Black had been given at the Rockdale County Hospital for his injury were never given to Plaintiff Black during the time he was incarcerated, although from time to time Plaintiff was given Motrin.

61.

No physical therapist was ever provided for Plaintiff until 3 days before he was released.

62.

Plaintiff was never given an MRI to determine the extent or a follow up visit either to the Rockdale County Hospital or to an orthopedic despite the fact that a doctor working at the jail said he should have been taken to an orthopedic specialist.

63.

Plaintiff Black personally spoke to Defendant Pass and wrote letters about the lack of prescriptions, physical therapy, and lack of follow up.

64.

Defendants Eaton, Jones and Wigington were aware of the deficiencies in Plaintiff Black's case although he never spoke to them. Defendants were aware of everything that happened to Plaintiff Black because of Mr. Black's prior experience as a deputy and his family's experience with the department.

65.

After Plaintiff Ernest Black was injured as set out above, Plaintiff was denied adequate medical treatment by each of the Defendants.

66.

Such actions were taken with deliberate indifference and violated his rights under the Fourteenth Amendment.

67.

As a proximate result of Defendants' actions Plaintiff Black was injured in the amount of $500,000.

68.

Plaintiff Black is entitled to punitive damages from each Defendant in the amount of $250,000 to deter them from their reckless and callous conduce in disregard of his constitutional rights. Their actions were oppressive.

69.

Plaintiff is entitled to reasonable attorney fees under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands:

1)   For damages as set out;

2)   For attorney fees;

3)   For jury trial;

3)   For such other and further relief as is just and proper.

        Respectfully submitted,

        <u>/s/ Ralph Goldberg</u>
        Ralph Goldberg
        Ga. Bar No. 299475
        Attorney for Plaintiffs

Goldberg & Cuvillier, P.C.
755 Commerce Drive, Ste. 600
Decatur, GA 30030
(404) 378-7700 (404) 378-7708 FAX